**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ACRISURE OF CALIFORNIA, LLC,,

        Plaintiff,

vs.

HAKOP ("JACK") PAPAZYAN,

        Defendant.

Case No. 1:26-CV-01213

Hon. Jane M. Beckering
Mag. Phillip J. Green

<u>**ORAL ARGUMENT REQUESTED**</u>

<u>**ORAL ARGUMENT REQUESTED**</u>

**DEFENDANT HAKOP ("JACK") PAPAZYAN'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE**
**ALTERNATIVE, STAY PROCEEDINGS PURSUANT TO THE**
**COLORADO RIVER ABSTENTION DOCTRINE**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................1

II.    FACTUAL BACKGROUND.......................................................................2

    A.    The Parties and Their Relationship ................................................2

    B.    The Restrictive Covenants at Issue ................................................3

    C.    Papazyan's Resignation and Acrisure's Termination of His Employment. ..................................................................................4

    D.    The Parallel State Court Action in California. ...............................4

III.   LEGAL ARGUMENT.................................................................................5

    A.    The Colorado River Doctrine Authorizes This Court to Stay These Proceedings in Deference to the Parallel California State Court Action....................................................................................5

        1.    The Governing Legal Standard............................................5

        2.    The California Action and This Federal Action Are Parallel Proceedings ...................................................5

    B.    The Colorado River Factors Weigh Decisively in Favor of a Stay ................6

        1.    *The California Court Obtained Jurisdiction First* ..............6

        2.    *State Law Exclusively Governs This Dispute*.....................7

        3.    *The Risk of Piecemeal Litigation Strongly Favors a Stay* ..................8

        4.    *The Federal Forum Is Inconvenient for Defendant* ...........8

        5.    *The California Courts Are Fully Adequate to Protect the Parties' Rights.* ..........................9

        6.    *No Res Is at Issue, and This Factor Is Neutral* ..................9

    C.    Acrisure of California's Forum Selection Clause Does Not Override *Colorado River* Abstention.............................................9

    D.    In the Alternative, This Court Should Stay These Proceedings Under Its Inherent Authority..........................................................10

IV.   CONCLUSION..........................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bates v. Van Buren Township,*
   122 F. App'x 803 (6th Cir. 2004)...................................................................................6

*Colorado River Water Conservation District v. United States,*
   424 U.S. 800 (1976)................................................................1, 5, 6, 8, 9, 10, 11

*Edwards v. Arthur Andersen LLP,*
   44 Cal. 4th 937 (2008) ...............................................................................................7

*Landis v. North Am. Co.,*
   299 U.S. 248 (1936)...........................................................................................10, 11

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,*
   460 U.S. 1 (1983).............................................................................................1, 6, 7, 9

*Romine v. Compuserve Corp.,*
   160 F.3d 337 (6th Cir. 1998) ................................................................................5, 6, 8

**Statutes**

Business and Professions Code § 16600 et seq. ..............................................................2

Cal. Lab. Code § 925 ................................................................................................7, 10

California Business and Professions Code §§ 16600, 16600.1, 16600.5, and 16601......................7

## I.    **<u>INTRODUCTION</u>**

Defendant Jack Papazyan respectfully moves this Court to dismiss, or in the alternative to stay, the above-captioned federal action, filed by Acrisure of California, LLC in deference to a parallel state court proceeding filed one day earlier in the Los Angeles Superior Court ("LASC"), Case No. 26STCV11708, captioned *Papazyan v. Acrisure, LLC, et al.* (the "California Action") (ECF 8-5, PageID.94-150). The California Action, filed on April 13, 2026, raises substantially similar issues of law and fact: specifically, whether the non-competition, employee non-solicitation, and client non-solicitation provisions in the Employment Agreement between the parties, and the Tail Period provision of the Asset Purchase Agreement, are void and unenforceable under California law. Plaintiff Acrisure of California, LLC ("Acrisure of California") filed the present federal action one day later, on April 14, 2026, transparently attempting to wrest jurisdiction over this dispute from the California courts whose law squarely governs it.

Under the abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a federal court may dismiss or stay its proceedings where a parallel state court action exists and where considerations of wise judicial administration, conservation of judicial resources, and the avoidance of inconsistent results counsel deference. As the Supreme Court made clear in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 28 (1983), "a stay is as much a refusal to exercise federal jurisdiction as a dismissal." When a court abstains under *Colorado River,* it necessarily concludes that the parallel state court litigation "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* That conclusion is compelled here. Because the California Action provides a complete and adequate forum for every issue in dispute, dismissal without prejudice, not merely a stay, is the appropriate primary remedy,

1

and Defendant so moves accordingly.

The California Action involves the same parties, the same agreements, and the same fundamental legal questions. California has an overwhelmingly strong interest in adjudicating the enforceability of post-employment restrictions imposed upon a California resident who has lived and worked exclusively in California throughout his career. The relevant legal framework is entirely a creature of California statute, Business and Professions Code § 16600 et seq., which represents a foundational expression of California's public policy in favor of employee mobility and free competition. Federal courts routinely recognize that where a state court action has been filed first and presents purely state law questions of substantial local significance, the federal court should defer.

For the reasons set forth below, all relevant factors under Colorado River weigh decisively in favor of dismissal, or at minimum of a stay. Acrisure of California's filing of this federal action one day after the California Action was initiated amounts to improper forum shopping, an attempt to litigate in a venue that has no meaningful connection to this dispute, and to substitute Michigan law, which Acrisure of California seeks to impose by contract, for the California law that plainly applies to an employer that operates in California and hired Papazyan, a resident of California. This Court should decline to become an instrument of that effort and should stay these proceedings pending resolution of the California Action.

## II.   FACTUAL BACKGROUND

### A.   The Parties and Their Relationship

Defendant Jack Papazyan is a California resident who has spent his entire professional career, spanning more than twenty-six years, in the insurance industry in California. Beginning in or about 2010, Papazyan co-founded Gain Insurance Agency, Inc. ("GIA"), a California

corporation headquartered in California. He has at all times resided in, and substantially performed his professional work from, California, where he holds his license.

Plaintiff, Acrisure of California, LLC operates a major insurance brokerage primarily in multiple locations across California. On or about August 1, 2020 (the "Effective Date"), Acrisure of California acquired substantially all of the assets of GIA, including its client accounts and goodwill, pursuant to an Asset Purchase Agreement ("APA") (ECF 8-1, PageID.63-71). As a condition of that acquisition, Papazyan entered into an Employment Agreement with Acrisure of California dated August 1, 2020 (the "Employment Agreement") (ECF 8-2, PageID.73-87), pursuant to which he became employed by Acrisure of California as Principal. Papazyan ultimately rose to the position of Senior Vice President of Transportation before his resignation.

Papazyan has never resided or worked in the state of Michigan.

**B.        The Restrictive Covenants at Issue**

The Employment Agreement contains a series of post-employment restrictive covenants, including a non-competition provision, an employee non-solicitation provision, and a client non-solicitation provision. The Employment Agreement purports to subject Papazyan, a California resident, to Michigan law and to exclusive dispute resolution in Michigan courts, notwithstanding that he has never resided in or worked from Michigan.

The APA likewise contains a Non-Competition and Non-Solicitation covenant operative during a defined "Restricted Period," which is defined as the longer of: (a) the five-year period immediately following the Effective Date of August 1, 2020; or (b) the one-year period immediately following the date on which Papazyan ceases to hold equity securities of Acrisure (the "Tail Period") (ECF 8-1, PageID.71). The five-year period under prong (a) expired by its own terms on August 1, 2025. The Tail Period under prong (b) is indefinite in duration because Acrisure

3

is a privately held company with no public market for its shares, leaving Papazyan with no ascertainable mechanism by which to divest his equity interest.

### C.      Papazyan's Resignation and Acrisure's Termination of His Employment.

On April 9, 2026, Papazyan provided Acrisure of California with written notice of his intent to resign. Acrisure of California immediately severed Papazyan's email access and seized his company-issued laptop upon learning of his resignation, thereby effectively terminating his employment as of April 10, 2026, and subsequently sent a confirming letter of the same.

Papazyan has abided by his confidentiality obligations under the Employment Agreement.

### D.      The Parallel State Court Action in California.

On April 13, 2026, Papazyan filed a Complaint for Declaratory Relief in the Los Angeles Superior Court, Case No. 26STCV11708, captioned *Papazyan v. Acrisure, LLC, et al.* (the "California Action"). ECF 8-5, PageID.94-150. The California Action seeks judicial declarations that: (1) the five-year restrictive covenants in the APA expired as of August 1, 2025 and the remaining tail period is unenforceable; (2) the Michigan forum selection clause and choice-of-law provision in the Employment Agreement are unlawful and that California law governs; (3) the non-competition, employee non-solicitation, and client non-solicitation provisions in the Employment Agreement are void and unenforceable under California law; (4) related relief. ECF 8-5, PageID.114. The California Action was filed and served before Acrisure initiated the present proceeding. None of this was referenced or disclosed by Acrisure of California in its Complaint.

On April 14, 2026, one day after the California Action was filed, Acrisure of California initiated the present federal action in this Court, asserting claims arising from the same Employment Agreement and APA, against the same Defendant, based on the same alleged breach of the same restrictive covenants. ECF 1, PageID.1-28. The federal action is, in all material

respects, a mirror image of the California Action, filed one day later in a forum that has no meaningful connection to the underlying dispute or Defendant.

### III.    LEGAL ARGUMENT

#### A.    The Colorado River Doctrine Authorizes This Court to Stay These Proceedings in Deference to the Parallel California State Court Action

##### 1.    The Governing Legal Standard

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the United States Supreme Court held that, in exceptional circumstances, a federal court may stay or dismiss a federal action in deference to a pending parallel state court proceeding. Although federal courts have a "virtually unflagging obligation" to exercise jurisdiction conferred upon them, that obligation is not absolute. *Id*. at 817. The Court recognized that considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may counsel in favor of deferring to a parallel state court action. *Id*. at 817-18.

The Sixth Circuit applies a two-step analysis to *Colorado River* abstention motions. First, the court determines whether the state and federal proceedings are sufficiently parallel. Second, if they are, the court applies a multi-factor balancing test to determine whether exceptional circumstances justify a stay. *See Romine v. Compuserve Corp.,* 160 F.3d 337, 339-41 (6th Cir. 1998). Both steps are satisfied here.

##### 2.    The California Action and This Federal Action Are Parallel Proceedings

State and federal proceedings are sufficiently parallel for *Colorado River* purposes where they involve the same parties and the same issues. *Romine,* 160 F.3d at 340. The proceedings need not be identical; it is sufficient that they are "substantially similar." *Id*.

Here, there is no serious question that the two proceedings are parallel. The California

Action and this federal action involve: (1) the same two parties, Papazyan and Acrisure of California; (2) the same two agreements, the Employment Agreement and the APA; (3) the same restrictive covenants, the non-competition, employee non-solicitation, and client non-solicitation provisions; and (4) the same overarching legal question: whether those restrictive covenants are enforceable. The only material differences between the two actions are the forum and the label attached to the respective claims. That is not a distinction that defeats parallelism for *Colorado River* purposes. See *Bates v. Van Buren Township*, 122 F. App'x 803, 806 (6th Cir. 2004). "[S]uits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." (citations omitted).

**B.       The Colorado River Factors Weigh Decisively in Favor of a Stay**

Once parallel proceedings are established, courts in the Sixth Circuit consider the following factors to determine whether exceptional circumstances warrant a stay: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law provides the rule of decision; and (6) whether the state court action is adequate to protect the parties' rights. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983); *Romine*, 160 F.3d at 340-41. No single factor is dispositive; the balance must be weighed with the scales tipping heavily in favor of exercising jurisdiction. *Id*. Here, that balance tips decidedly toward a stay.

**1.       *The California Court Obtained Jurisdiction First***

The order in which the respective courts obtained jurisdiction is one of the *Colorado River* factors. *Moses H. Cone*, 460 U.S. at 21. The California Action was filed on April 13, 2026. ECF 8-5, PageID.94. This federal action was filed on April 14, 2026 - one day later. ECF 1, PageID.1.

6

This factor unambiguously favors a stay.

Acrisure of Californias decision to file this federal action the day after Papazyan initiated the California Action is the very definition of reactive forum shopping. Rather than litigating the enforceability of these covenants and choice of law and venue provisions in the forum most connected to the dispute, California, where Papazyan lives and works, and where Acrisure of California offers brokerage services to customers in California, Acrisure filed in the Western District of Michigan, a forum with no connection to Papazyan, his employment, or the events giving rise to this dispute, in an apparent attempt to invoke the Employment Agreement's Michigan choice-of-law and forum selection provisions, which violate California public policy. California courts have recognized that such contractual provisions are unenforceable where, as here, they would deprive a California resident of the protections of California law. Cal. Lab. Code § 925. The order of filing factor weighs heavily in favor of a stay.

### 2.    *State Law Exclusively Governs This Dispute*

"[T]he presence of federal-law issues must always be a major consideration weighing against surrender of federal jurisdiction," and conversely, the absence of federal law issues counsels in favor of deferral. *Moses H. Cone*, 460 U.S. at 26. This case presents no federal questions whatsoever. Every issue in dispute is governed by California state law, specifically, California Business and Professions Code §§ 16600, 16600.1, 16600.5, and 16601, and related California common law. There is no federal statute, regulation, or constitutional provision at issue.

The purely state law character of this dispute is particularly significant given that the relevant California statutes reflect a fundamental expression of California's public policy in favor of employee mobility and free competition. The California Supreme Court in *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937 (2008), and subsequent California appellate decisions, have

7

developed a detailed and specific body of law interpreting these statutes that a California court is far better positioned to apply. Federal courts routinely recognize that where a dispute turns entirely on state law, particularly state law of significant local importance, deference to state court is appropriate. This factor weighs heavily in favor of a stay.

### 3.    *The Risk of Piecemeal Litigation Strongly Favors a Stay*

The avoidance of piecemeal litigation is paramount in the *Colorado River* analysis. *Romine*, 160 F.3d at 341. Piecemeal litigation arises when the same or related issues are adjudicated in two forums simultaneously, creating the risk of inconsistent results, duplicative proceedings, and wasteful expenditure of judicial and party resources.

The risk here is acute. If both the California Action and this federal action proceed simultaneously, two courts will be called upon to adjudicate the same legal question: whether the Employment Agreement's restrictive covenants are enforceable.  This question will be answered based on the same factual record, with the potential for directly contradictory outcomes. A California court may declare the covenants void under § 16600 while this Court applies Michigan law and upholds them, or vice versa. That outcome would leave the parties with irreconcilable judicial declarations and no clear rule of conduct going forward. Allowing this federal action to proceed in tandem with the California Action serves no legitimate purpose and creates exactly the kind of piecemeal, duplicative litigation that Colorado River abstention is designed to prevent.

### 4.    *The Federal Forum Is Inconvenient for Defendant*

The inconvenience of the federal forum also favors a stay. Papazyan resides and works in California. All relevant witnesses, documents, and evidence are located in California. Acrisure of California's principal contacts with Papazyan were conducted in California, where Papazyan performed his work for the entirety of his employment. Requiring Papazyan to litigate in the

Western District of Michigan, a forum in which he has no presence and with which he has no meaningful connection, imposes a substantial and unjustifiable burden. By contrast, Acrisure of California, as a Michigan entity, has elected to bring its business to California and has meaningfully conducted business in that jurisdiction for several years. This factor supports a stay.

### 5.   *The California Courts Are Fully Adequate to Protect the Parties' Rights.*

There is no question that the Los Angeles Superior Court is a fully competent forum capable of protecting the rights of all parties. California's superior courts are courts of general jurisdiction with well-developed procedural protections, discovery mechanisms, and appellate review. The California Action encompasses the full scope of this dispute and presents every claim and defense available to both parties. Papazyan seeks the same declaratory relief in the California Action that would resolve this dispute entirely. Acrisure of California will have a full and fair opportunity to present its position in that forum. This factor supports a stay.

### 6.   *No Res Is at Issue, and This Factor Is Neutral*

The first *Colorado River* factor, whether either court has assumed jurisdiction over a res, is inapplicable here, as this is a dispute over contractual rights, not real property or a physical asset. The absence of a res is a neutral factor that neither favors nor disfavors abstention. See *Moses H. Cone*, 460 U.S. at 19 (absence of this factor does not counsel against abstention).

### C.   <u>Acrisure of California's Forum Selection Clause Does Not Override *Colorado River* Abstention</u>

Acrisure of California will likely argue that the Employment Agreement's Michigan forum selection clause and choice-of-law provision require this dispute to be litigated in Michigan under Michigan law. That argument fails for two independent reasons.

First, the enforceability of the forum selection and choice-of-law provisions is itself one of the core legal questions at issue in the California Action. Papazyan has specifically sought a

declaration in the California Action that both provisions are unlawful and unenforceable under California law. California Labor Code § 925 provides that an employer may not require an employee who primarily resides and works in California to agree to a provision that would require the employee to adjudicate a dispute outside of California or that would deprive the employee of the substantive protections of California law. Papazyan has done precisely that throughout his employment with Acrisure of California. Acrisure of California cannot bootstrap an arguably unenforceable contract provision to deprive this Court of the discretion to apply the *Colorado River* doctrine.

Second, even a valid and enforceable forum selection clause does not eliminate a federal court's authority to apply *Colorado River* abstention. A forum selection clause is a contractual provision that speaks to where a party has consented to sue or be sued; it does not speak to the distinct question of whether a federal court, confronting a parallel and first-filed state court proceeding, should exercise its discretion to defer in the interest of judicial economy and the avoidance of piecemeal litigation. These are separate inquiries governed by separate bodies of law, and the contractual forum selection clause does not preempt the Court's authority to stay these proceedings.

> **D.    In the Alternative, This Court Should Stay These Proceedings Under Its Inherent Authority**

Even if this Court were to conclude that the *Colorado River* factors do not independently justify a stay, this Court retains broad inherent authority to stay proceedings before it, pending resolution of related litigation in another forum. See *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In determining whether to exercise this inherent authority, courts

consider the potential prejudice to the non-moving party, the hardship to the moving party if denied a stay, and the judicial resources that would be conserved by a stay. *Id*. at 254-55.

All three considerations favor a stay here. Acrisure of California will suffer no prejudice from a stay because the California Action affords it a full and fair opportunity to litigate the enforceability of the restrictive covenants in a court of competent jurisdiction. Papazyan, conversely, will suffer substantial hardship if required to simultaneously litigate the same issues in two separate forums across the country. And judicial economy clearly favors dismissing or in the alternative, staying this proceeding pending resolution of the California Action, which was filed first, involves the same parties and issues, and will fully resolve the dispute.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Jack Papazyan respectfully requests that this Court dismiss or, at minimum,  stay the above-captioned federal action in its entirety pending final resolution of the parallel California state court proceeding, *Papazyan v. Acrisure, LLC, et al.*, Case No. 26STCV11708, currently pending in the Los Angeles Superior Court.

This case involves no federal question. It presents purely state law issues, governed entirely by California's Business and Professions Code, of substantial importance to California and to a California resident who has spent his entire career in that state. The California Action was filed first, encompasses the same parties and issues, and provides a complete forum for adjudication of this dispute. Every *Colorado River* factor either favors a dismissal/stay or is neutral. Acrisure of California's filing of this federal action one day after the California Action was initiated is a transparent attempt to forum shop into a more favorable legal regime and to deprive Papazyan of the protections that California law unambiguously affords him.

The Court should decline to permit that effort and should dismiss/stay these proceedings

forthwith. In the alternative, Defendant requests that the Court stay these proceedings pursuant to its inherent authority pending resolution of the California Action.

DATED: April 27, 2026

SARETSKY HART MICHAELS + GOULD PC

By: */s/ Brian Witus*

Miles D. Hart (P43797)
mhart@saretsky.com
Brian Witus (P53062)
bwiitus@saretsky.com
Colin D. Gerish (P83349)
cgerish@saretsky.com
995 South Eton
Birmingham, Michigan, 48009
Tel: (248) 502-3300

DORSEY & WHITNEY LLP

Edward B. Magarian (MN SBN 208796)
Magarian.Edward@dorsey.com
John T. Sullivan (MN SBN 0390975)
sullivan.jack@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Tel: (612) 340-2600

Ketul D. Patel (CA SBN 251985)
patel.ketul@dorsey.com
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400

Attorneys for Defendant
HAKOP ("JACK") PAPAZYAN

12