**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

ACRISURE OF CALIFORNIA, LLC,                    Case No. 1:26-cv-01213-JMB-PJG

        Plaintiff,                                Hon. Jane M. Beckering

v.

HAKOP ("JACK") PAPAZYAN,

        Defendant.

---

**TEMPORARY RESTRAINING ORDER**

---

This matter is before the Court on Plaintiff Acrisure of California, LLC's ("Acrisure") Motion for Temporary Restraining Order.  Acrisure seeks to enjoin its former senior employee Hakop ("Jack") Papazyan ("Papazyan"), and all persons in active concert or participation with him, from taking any action that violates Papazyan's non-competition covenants in (i) the employment agreement between Acrisure and Papazyan, or (ii) the asset purchase agreement between Acrisure and Papazyan, including with respect to Papazyan's employment or affiliation with and provision of services to Howden U.S. Services, LLC or its affiliates ("Howden"), a direct competitor of Acrisure.

This Court has reviewed the Complaint for Injunctive and Declaratory Relief, Motion for Temporary Restraining Order, Brief in Support, Declaration of Andrew Schutt, and Declaration of Christopher G. Clark and accompanying exhibits, and all other papers herein.  Acrisure effected service of process on Papazyan on April 16, 2026.  (ECF No. 6, PageID.35.)  Papazyan is represented by counsel at the law firms of Dorsey & Whitney, LLP and Saretsky Hart

Michaels & Gould PC.  Papazyan was served with Acrisure's Motion for Temporary Restraining Order and supporting papers on April 27, 2026.

The decision to grant a temporary restraining order falls within the discretion of a district court.  This Court finds that based on the foregoing, Acrisure does not have an adequate remedy at law and the actions of Papazyan will cause immediate and irreparable injury to Acrisure by injuring Acrisure's goodwill with customers and employees, injuring Acrisure's interest in its confidential information, and unfair competition.  The Court further finds that Acrisure has established a likelihood of success on the merits of its non-competition claims; that issuing a temporary restraining order would not substantially harm Papazyan more than failing to issue a temporary restraining order would harm Acrisure; and that the public's interest is best served by granting a temporary restraining order.  Therefore, pursuant to Fed. R. Civ. P. 65(b),

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

A. This Order will expire, absent modification or extension by this Court or stipulation of the Parties, fourteen (14) days from the date and time after entry of this Order;

B. Papazyan, and all persons in active concert or participation with him, who are restrained and enjoined from, directly or indirectly, engaging in any Competitive Activity, as set forth in Section 13 of the Employment Agreement between Acrisure and Papazyan and Section 5.1 of the Asset Purchase Agreement between Acrisure and Papazyan, including by being engaged as an employee or consultant or otherwise associated with Howden;

C. This temporary restraining order is binding upon Papazyan and all persons in active concert or participation with him who receive actual notice of this order; and

D. In the Court's discretion, the security requirement of Fed. R. Civ. P. 65(c) is WAIVED.

2

**IT IS SO ORDERED.**

Entered: April 27, 2026                                    /s/ Jane M. Beckering
                                                          JANE M. BECKERING
                                                          United States District Judge