UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACRISURE OF CALIFORNIA, LLC,

      Plaintiff,

                                    Case No. 1:26-cv-1213

v.

                                      HON. JANE M. BECKERING

HAKOP PAPAZYAN,

      Defendant.

_____/

## ORDER

Pending before the Court is Defendant's Emergency Motion to Dissolve Temporary Restraining Order (ECF No. 26).  On May 4, 2026, Plaintiff filed a response in opposition (ECF No. 35).  For the following reasons, the motion is properly denied.

Defendant moves under Federal Rule of Civil Procedure 65(b)(4) for dissolution of the Temporary Restraining Order (TRO) that this Court issued on April 27, 2026, asserting that the TRO was entered "ex parte."  Rule 65(b)(4) provides that an adverse party may "appear and move to dissolve or modify" a TRO where such order was obtained "without notice."  Plaintiff's motion, however, was not filed ex parte.  Plaintiff initiated this case on April 14, 2026 (ECF No. 1).  Defendant was served on April 16, 2026 (ECF No. 6), and counsel for Defendant filed appearances on April 17, 2026.  The motion for a TRO was filed on April 27, 2026 (ECF No. 13).  *See generally* W.D. Mich. LCivR 5.7(i)(*ii*) (describing service of electronically filed documents).  Rule 65(b)(4) does not provide Defendant with a legal basis to obtain dissolution of the TRO.

Even assuming arguendo that Defendant has a legal basis for obtaining dissolution, Defendant's remaining arguments do not demonstrate that dissolution is warranted.  First, the

Court found good cause to issue the TRO, and, for the reasons more fully stated in Plaintiff's response (ECF No. 35 at PageID.409– 412), Defendant's motion at bar identifies no change in circumstances requiring the Court to revisit that decision.  Second, referencing the declaratory judgment action that he filed in California state court on April 13, 2026, Defendant claims this Court's jurisdiction is "in question" based on application of the "first filed" doctrine; however, the first-to-file doctrine only applies to two cases filed in federal courts of equal rank.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). Last, and conversely, Defendant argues that this Court should abstain from exercising its jurisdiction in favor of the state court action and has filed a motion to dismiss or transfer to that end; however, that argument may be moot inasmuch as the state court action was removed to federal court on May 1, 2026.  *See Papazyan v. Acrisure of California, LLC et al.*, 2:26-cv-04714 (C.D. Calif.).  A necessary requirement for application of the *Colorado River* abstention doctrine is the presence of a parallel state proceeding.  *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 394 (6th Cir. 2006).  In sum, the Court discerns no proper basis for dissolving the TRO.

Therefore:

**IT IS HEREBY ORDERED** that the Emergency Motion to Dissolve Temporary Restraining Order (ECF No. 26) is DENIED.

**IT IS FURTHER ORDERED** that in the event the parties stipulate to a modified temporary restraining order and/or preliminary injunction, counsel shall immediately file the stipulation and proposed order for the Court's review.

Dated:  May 5, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge