UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACRISURE OF CALIFORNIA, LLC,

     Plaintiff,

                                          Case No. 1:26-cv-1213

v.

                                          HON. JANE M. BECKERING

HAKOP PAPAZYAN,

     Defendant.

_____/

## **PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Acrisure of California, LLC's ("Acrisure") Motion for a Preliminary Injunction. Acrisure seeks to enjoin its former senior employee Hakop ("Jack") Papazyan ("Papazyan"), and all persons in active concert or participation with him, from taking any action that violates Papazyan's non-competition covenants in (i) the employment agreement between Acrisure and Papazyan, or (ii) the asset purchase agreement between Acrisure and Papazyan, including with respect to Papazyan's employment or affiliation with and provision of services to Howden U.S. Services, LLC or its affiliates ("Howden"), a direct competitor of Acrisure.

This Court has reviewed the Complaint for Injunctive and Declaratory Relief, Motion for a Preliminary Injunction, Brief in Support, Declaration of Andrew Schutt, and Declaration of Christopher G. Clark and accompanying exhibits, and all other papers herein. Papazyan is represented by counsel at the law firms of Dorsey & Whitney, LLP and Saretsky Hart Michaels & Gould PC, who were served with Acrisure's Motion for a Preliminary Injunction and supporting papers on May 4, 2026 via ECF filing.

The decision to grant a preliminary injunction falls within the discretion of a district court. This Court finds that based on the foregoing, Acrisure does not have an adequate remedy at law and the actions of Papazyan will cause immediate and irreparable injury to Acrisure by injuring Acrisure's goodwill with customers and employees, injuring Acrisure's interest in its confidential information, and unfair competition. The Court further finds that Acrisure has established a likelihood of success on the merits of its non-competition claims; that issuing a preliminary injunction would not substantially harm Papazyan more than failing to issue a preliminary injunction would harm Acrisure; and that the public's interest is best served by granting a preliminary injunction. Therefore, pursuant to Fed. R. Civ. P. 65(a),

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

A. This preliminary injunction is GRANTED, EFFECTIVE IMMEDIATELY, and will REMAIN IN EFFECT until this matter is otherwise resolved by the Court, or further order of the Court;

B. Papazyan, and all persons in active concert or participation with him, are restrained and enjoined from, directly or indirectly, engaging in any Competitive Activity, as set forth in Section 13 of the Employment Agreement between Acrisure and Papazyan and Section 5.1 of the Asset Purchase Agreement between Acrisure and Papazyan and defined as engaging, directly or indirectly, in any capacity that is the same, similar, or in any way related to the capacity in which Papazyan was employed by Acrisure or otherwise in any way participating in or becoming associated with, in this same or similar capacity, any other business organization that, at any time, conducts business relating to insurance brokerages or other related business conducted by Acrisure and its Affiliates, in each case now or at any time during the Employment Period;

C. This preliminary injunction is binding upon Papazyan and all persons in active concert or participation with him who receive actual notice of this order; and

D. In the Court's discretion, the security requirement of Fed. R. Civ. P. 65(c) is WAIVED.

**IT IS SO ORDERED.**

Dated: May 26, 2026                                    /s/Jane M. Beckering
                                                        JANE M. BECKERING
                                                        United States District Judge